## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND, MEDICAL FUND, TRAINING FUND, M. EDDIE MOORE SCHOLARSHIP TRUST FUND, INDUSTRY PROMOTION FUND, COMMUNICATIONS AND PRODUCTIVITY FUND, and STEAMFITTERS LOCAL 602 RETIREMENT SAVINGS FUND, 9411 Philadelphia Road, Suite S Baltimore, MD 21237,<br><br>and<br><br>TRUSTEES OF THE INTERNATIONAL TRAINING FUND, 103 Oronoco Street Alexandria, Virginia 22314<br><br>and<br><br>STEAMFITTERS LOCAL UNION NO. 602, 8700 Ashwood Drive, Second Floor Capitol Heights, Maryland 20743<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON MECHANICAL SERVICES, LLC, 8039 Penn Randall Place, Suite C Upper Marlboro, MD 20772<br><br>Serve: Registered Agent<br>Business Filings International, Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. _____<br>)<br>) Complaint<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## C O M P L A I N T

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR AN AUDIT; FOR BREACH OF A SETTLEMENT AGREEMENT; AND FOR EQUITABLE RELIEF)

### PARTIES

1.     The Heating, Piping and Refrigeration Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.  The Pension Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.     The Heating, Piping and Refrigeration Medical Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Medical Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Medical Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.  The Medical Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     The Heating, Piping and Refrigeration Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Training Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Training Fund is administered at 9411 Philadelphia Road, Suite S,

Baltimore, Maryland 21237. The Training Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Steamfitters Local 602 Retirement Savings Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Retirement Savings Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Retirement Savings Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Retirement Savings Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The International Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314. The International Training Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The M. Eddie Moore Scholarship Trust Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The M. Eddie Moore Scholarship Trust Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The M. Eddie Moore Scholarship Trust Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The M. Eddie Moore Scholarship Trust Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document.  The Industry Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237.

8.     The Communications and Productivity Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Communications Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Communications Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237.

9.     Steamfitters Local Union No. 602 is an unincorporated labor organization, as that term is defined in § 2(5) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 152(5). Steamfitters Local Union No. 602 maintains an office at 8700 Ashwood Drive, Second Floor, Capitol Heights, Maryland  20743.

10.     Horizon Mechanical Services, LLC is a Maryland business existing under Maryland State laws with an office located at 8039 Penn Randall Place., Suite C, Upper Marlboro, MD 20772.

11.     Horizon Mechanical transacts business in the District of Columbia and the Washington, D.C. metropolitan area as a contractor or subcontractor in the pipefitting and steamfitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

12.    Horizon Mechanical is bound to the terms of the Collective Bargaining Agreements requiring the payment of contributions, dues, and other amounts to Plaintiffs.

### JURISDICTION

13.    This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, under Section 301 of the LMRA, 29 U.S.C. § 185(a), and supplemental jurisdiction for state law claims under 28 U.S.C. Section 1367(a).  This is an action for breach of collective bargaining agreements between an employer and a labor organization representing employees in an industry affecting commerce and to collect contributions due to employee benefit plans under the terms of the collective bargaining agreements.

14.    Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which Plaintiffs are located.

15.    This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

### COUNT I
### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

16.    The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in Count I.

17.    Pursuant to its Collective Bargaining Agreements, Defendant Horizon Mechanical agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

18.    Horizon Mechanical employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the amount due to the Benefit Funds for work performed

from January 2013 through May 2013, and July 2013 through September 2013, as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

19.     The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20.     The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, audit fees and court costs.

21.     Defendant owes the Benefit Fund Plaintiffs liquidated damages and interest for unpaid contributions for the months of January 2013 through May 2013, and July 2013 through September 2013.  Horizon Mechanical owes liquidated damages and interest for all late payments.

## COUNT II
## (FOR PAYROLL AUDIT)

22.     The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in Count II.

23.     An audit of Horizon Mechanical's records from January 1, 2010 through December 31, 2012 will permit the Benefit Fund Plaintiffs to determine whether the Defendant is properly reporting the number of employees working under the Collective Bargaining Agreements, the number of hours worked by employees, the correct contribution rates, and the amounts owed to each of the Benefit Fund Plaintiffs.

24.     Under the terms of the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, the Benefit Fund Plaintiffs are entitled to conduct an audit of the Defendant's payroll and related records.

## COUNT III
### (BREACH OF SETTLEMENT)

25.     The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth in Count III.

26.     On February 21, 2013, the Plaintiffs and Defendant entered into a Settlement Agreement.  A true and accurate copy of the Settlement Agreement is attached to this Complaint as Exhibit A.

27.     The Defendant repeatedly failed to make the payments due under the terms of the Settlement Agreement.  Specifically, settlement payments for the months of June, July, August, and September 2013 were not received.

28.     Upon default in payment, the entire principal amount unpaid, together with liquidated damages and accrued interest thereon is immediately due under the terms of the Settlement Agreement.

29.     The Defendant is liable to the Plaintiffs for contributions from August 2012 through December 2012, liquidated damages and interest for these months under the terms of the Settlement Agreement, plus interest and attorneys' fees through the date of payment.

## COUNT IV
### (WORKING ASSESSMENTS/DUES/OTHER PAYMENTS)

30.     Plaintiff Steamfitters Local Union No. 602, the Communications & Productivity Fund, and the Industry Promotion Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 29 as if fully set forth in Count IV.

31.    Horizon Mechanical employed certain employees covered by the Collective Bargaining Agreements who authorized working assessment/dues deduction.  The Defendant failed to forward working assessments/dues on behalf of employees to the Steamfitters Local Union No. 602 for the months of January 2013 through May 2013, and July 2013 through September 2013, as required by the Collective Bargaining Agreements.

32.    Pursuant to its Collective Bargaining Agreements, Horizon Mechanical agreed to pay to the Communications & Productivity Fund and Industry Promotion Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

33.    Horizon Mechanical employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the amounts due to the Communications & Productivity Fund and Industry Promotion Fund for the months of January 2013 through May 2013, and July 2013 through September 2013, as required by the Collective Bargaining Agreements.

## COUNT V
### (BOND)

34.    Plaintiffs hereby adopt, incorporate and restate in Count V paragraphs 1 through 33.

35.    Pursuant to the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust, Horizon Mechanical agreed to provide a bond to the Plaintiffs.

36.    Horizon Mechanical failed to provide the requested bond to the Plaintiffs in violation of the requirements of the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

**WHEREFORE**, the Plaintiffs pray judgment in Counts I, II, III, IV, and V as follows:

A.      That the Court find the Defendant liable in the amount of contributions owed under the Collective Bargaining Agreements to the Plaintiffs for work performed for the months of January 2013 through May 2013, and July 2013 through September 2013.

B.      That the Court find the Defendant liable to the Plaintiffs in the amount of liquidated damages and interest owed on all late and unpaid amounts from the date due through the date of payment, plus costs, and reasonable attorneys' fees.

C.      That the Court find the Defendant liable for contributions owed to the Plaintiffs which become due after the filing of this lawsuit and up to the date of judgment, plus interest and liquidated damages.

D.      For a Court Order requiring the Defendant to submit all payroll books and records to the Plaintiffs for an audit, at the Defendant's expense, for the period of January 1, 2010 through and including December 2012.

E.      That the Court find the Defendant breached the terms of its Settlement Agreement with the Plaintiffs, and further find the Defendant liable for contributions from August 2012 through December 2012, liquidated damages and interest for these months under the terms of the Settlement Agreement, plus interest and attorneys' fees and costs.

F.      For all amounts owed under the Collective Bargaining Agreements to Plaintiffs Steamfitters Local Union No. 602, the Communication & Productivity Fund, and the Industry Promotion Fund for unpaid dues and other amounts owed.

G.      For a Court Order enjoining violations of the terms of the Plaintiffs' trust agreements and Steamfitters Local Union No. 602's collective bargaining agreement requiring Defendant to provide a bond.

H.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated:   9|30| 2013                          By:   _____
                                                   R. Richard Hopp, MD Bar No. 07363
                                                   Ellen Boardman, MD Bar No. 04754
                                                   O'DONOGHUE & O'DONOGHUE LLP
                                                   4748 Wisconsin Ave., N.W.
                                                   Washington, D.C.  20016
                                                   rhopp@odonoghuelaw.com
                                                   Telephone No.: (202) 362-0041
                                                   Facsimile No.:  (202) 362-2640
                                                   *Attorneys for Plaintiffs*